Robert W. NORTON, Individually and as Administrator of the Estate of Mary Caroline Norton, deceased, and as Successor Trustee under the will of Henry Augustus Norton, deceased,

v.

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

Civ. No. 53-1128.

United States District Court
D. Massachusetts.

Oct. 6, 1954.

Maurice Palais, Samuel Miller, Boston, Mass., for plaintiff.

John E. Peakes, Robert W. Meserve, Nutter, McClennen & Fish, Boston, Mass., for defendant.

FORD, District Judge.

At various dates in 1943 and 1944 defendant insurance company issued three joint and survivor annuity policies to one Mary Caroline Norton. The policies were in similar terms and, in each of them, defendant, in consideration of a single payment made by Mrs. Norton, agreed to make stipulated monthly payments to her during her lifetime, and thereafter to her daughter, Winifred Q. Norton during Winifred's life, if she survived her mother. Winifred died on April 23, 1946 and Mrs. Norton on April 12, 1949. Payments were made in accordance with the policies until the death of Mrs. Norton.

Plaintiff is the son of Mary Caroline Norton and brother of Winifred. In the first count of his complaint he seeks damages for the alleged negligence of defendant in failing to substitute his name for that of his sister as beneficiary of the policies in question. The second count is one for money had and received by defendant, and is brought by plaintiff in his capacity as administrator of his mother's estate and as successor trustee under the will of his father, Henry Augustus Norton.

Defendant has moved for summary judgment. The court has before it the pleadings, affidavits of two officers of the defendant, the deposition of plaintiff, and copies of the three policies involved.

Plaintiff's whole case, at least so far as the first count is concerned, hinges entirely on the question of whether there was any right to change the beneficiary of the policies. It is quite clear

that there was not. The policies were not insurance policies, as the complaint sometimes refers to them, but rather annuity policies. The obligation of the company was to pay a fixed annuity, during the lifetime of the two named annuitants, Mary and Winifred Norton. The policy expressly provides: "The Annuity shall terminate with the last payment due preceding the death of the survivor of the Annuitants, and no payment shall be made thereafter." The policy has no provision permitting a "change of beneficiary" or any change in the persons named as payees of the annuity. The applications for these policies executed by Mrs. Norton state that application is made for a joint and survivor annuity, and in the section of the application designated as one to be completed only if a joint and survivor annuity is applied for, the name of the other annuitant has been filled in. The only reference to beneficiaries or change of beneficiaries is found in another section of the application form designated for use only in applying for refund annuities or special life annuities, and this section was left blank in Mrs. Norton's application.

Under these policies it is clear that Mrs. Norton had no right to change a beneficiary or otherwise substitute plaintiff for her daughter as an annuitant. Consequently, the factual controversies as to whether she ever tried to do so or whether defendant failed to carry out her requests made for that purpose, become immaterial and are no bar to the summary judgment to which defendant as a matter of law is entitled.

As to the second count, the money paid by Mrs. Norton to defendant was for the purchase of the three annuities. Since defendant's obligation under the terms of the policies ended with the death of Mrs. Norton, the surviving annuitant, and since admittedly it made all the payments due until her death, it owes nothing to her estate. It is not material that part of the money used to purchase these annuities may have come from the trust under her husband's will, since plaintiff in his deposition admits that she had full power to use the trust funds for such a purpose wholly at her own discretion.

Counsel for plaintiff suggests, in argument, that it may be possible to establish facts tending to show that because of mutual mistake or because of misrepresentation by the agents of defendant, Mrs. Norton did not get the policies she wanted to get and thought she was getting. Important as these facts might be on other pleadings, they are immaterial to the issues of the present complaint, which contains not even a suggestion that the policies were not what Mrs. Norton intended to purchase and believed she was purchasing. The theory of the complaint is that defendant failed in its duty under the contracts as written. There is no claim for relief by way of cancellation or reformation of these contracts on the ground that any different contract was intended.

Defendant's motion for summary judgment is allowed.